**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

AHMAD JONES,

      Plaintiff,

      v.                                            No. CIV 13-0600 KG/ACT

CHAVES COUNTY DETENTION
ADMINISTRATOR CORN,
SGT. MIRANDA,
OFFICER GARCIA,
DR. BARINE RODRIGUEZ,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's original and amended civil rights complaints (Docs. 1, 9, 12, 14, 21) (together the "complaint").   Also before the Court are Plaintiff's amended application to proceed without prepaying fees and costs ("IFP") (Doc. 6), a motion to relocate Plaintiff (Doc. 7), a motion for service of process (Doc. 8), three motions to amend complaint (Doc. 10, 12, 21), a motion to adjust count numbers (Doc. 11) a motion to amend Count 12 (Doc. 14), and a motion to freeze/seize video footage (Doc. 15).   Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis.   For reasons set out below, certain of Plaintiff's claims will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."   The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity

to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dept. of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's original and amended pleadings assert thirteen Counts (hereinafter "claims") (*see* Doc. 11).   Recently, in his Proposed Amendment Pleading (Doc. 21), Plaintiff "proposes the removal" of four of his claims.   The Court construes this document in part under Fed. R. Civ. P. 41(a)(1)(A)(i) as a notice of dismissal of the claims referenced therein. *See Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003); *see also Plains Growers, Inc., ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 255 (5th Cir. 1973).   So construed, the document dismisses Plaintiff's first amended complaint (Doc. 2) for two claims of denial of certain records, his claim of impeding his legal work (Doc. 9, claim 5), and his claim of mail tampering (Doc. 12, claim 13).   This Order treats the remaining nine claims listed in Doc. 21.

The original complaint alleges that Defendants Garcia and Miranda ignored Plaintiff's inquiries about replacing a broken shoe.   As he was walking, shackled, into the detention center after a court appearance, the broken shoe caused him to fall and bruise his spine.   Plaintiff alleges Defendant Miranda used inappropriate force during the incident, causing him extreme pain. Plaintiff further alleges that Defendant Rodriguez failed to give him prescribed medications for his pain and mental problems.   Plaintiff also complains of ineffective grievance procedures.   In the second supplemental complaint (Doc. 9), he alleges that various parties retaliated against him for his litigation activities by criticizing him to other inmates, intimidating him, and conspiring against

2

him.   A third supplement (Doc. 12) asserts claims of excessive force.   In addition to the above-named Defendants, Plaintiff alleges that a Sgt. Elmor used excessive force against him.   As a result of this allegation, Sgt. Elmor will be added as a Defendant. The complaint seeks damages and equitable relief.

No relief is available against Defendant Chaves County Detention Center or its SORT Team.   The Detention Center "is not a person or legally created entity capable of being sued." *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000); *White v. Utah*, 5 F. Appx 852, 853 (10th Cir. 2001) (same).   In the second supplemental complaint (Doc. 9), Plaintiff names the facility's SORT Team as part of his retaliation and intimidation claims. This entity is an administrative/security subdivision of the Detention Center staff or the County and is thus not a separate suable entity.   *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (dismissing section 1983 claims against police department as non-suable entity); *see also Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991), *aff'd*, No. 92-1134, 1993 WL 33875, at *3 (10th Cir. Feb. 11, 1993).   The Court will dismiss Plaintiff's claims against the named Defendants Chaves County Detention Center and SORT team.

Furthermore, Plaintiff's allegations against Defendant Corn do not affirmatively link him to the various violations.   *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).   In the original complaint, Plaintiff alleges only that Defendant Corn "is responsible for the running of [the Detention Center]."   To succeed on a complaint under section 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation.   *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).   A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official.   *See id.*   In the second amended complaint (Doc. 9), Plaintiff alleges

3

that Defendant Corn conspired against him by refusing to release certain policies. Plaintiff then dismissed the underlying claim in his notice of partial dismissal (Doc. 21). The Court will dismiss Plaintiff's claims against Defendant Corn.

Nor is relief available on Plaintiff's allegations of inadequate grievance procedures. A plaintiff's dissatisfaction with grievance procedures does not give rise to a constitutional claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000) (affirming dismissal of claim for inadequate grievance procedures; no liberty interest implicated). This claim will be dismissed.

Plaintiff has also filed an amended IFP motion (Doc. 6), a motion to relocate Plaintiff (Doc. 7), a motion for service of process (Doc. 8), three motions to amend complaint (Doc. 10, 12, 21), a motion to adjust count numbers (Doc. 11), a motion to amend Count 12 (Doc. 14), and a motion to freeze/seize video footage (Doc. 15). In light of prior rulings and the ruling below, the amended IFP motion, the motion for service of process, the motions to amend, and the motion to adjust count numbers will be denied as moot. Plaintiff's motions to relocate and to seize video footage will be denied without prejudice pending further developments in this action.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Chaves County Detention Center, SORT Team, and Administrator Corn are DISMISSED; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's amended application to proceed without prepaying fees and costs (Doc. 6), motion for service of process (Doc. 8), motions to amend complaint (Doc. 10, 12, 21), motion to adjust count numbers (Doc. 11), and motion to amend Count 12 (Doc. 14) are DENIED as moot; and the motions to relocate Plaintiff (Doc. 7) and to

freeze/seize video footage (Doc. 15) are DENIED without prejudice;

IT IS FURTHER ORDERED that the Clerk is directed to add Sgt. Elmor as a Defendant;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint (Docs. 1, 9, 12, 14, and 21), for Defendants Miranda, Garcia, Rodriguez, and Elmor.

UNITED STATES DISTRICT JUDGE