IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AHMAD JONES,

     Plaintiff,

     v.                          No. CV 13-0600 KG/LAM

SGT. MIRANDA, et al.,

     Defendants.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

**THIS MATTER** is before the Court on motions to dismiss filed by Defendant Rodriguez[2] [*Doc. 33*], Defendants Garcia and Miranda [*Doc. 37*], and Defendant Elmor [*Doc. 40*]. Plaintiff did not file responses to any of the motions to dismiss, and the time for doing so has passed. United States District Judge Kenneth J. Gonzales referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 45*]. "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-Civ. 7.1(b). However, the Court cannot grant a motion to dismiss based solely on Plaintiff's failure to respond and must consider the merits of the motion. *See Issa v. Comp USA*, 354 F.3d 1174, 1178

---

[1] **Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Defendant Rodriguez states that his name is misspelled as "Barine" instead of "Barnie." *See* [*Doc. 33* at 1]. ***The Court directs the Clerk's Office to correct this misspelling on the Court's docket.***

(10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.") (citation omitted).   Therefore, having considered the parties' submissions, relevant law, and the record in this case, the undersigned, for the reasons set forth below, recommends that the motions to dismiss be **DENIED without prejudice**, and that Defendants prepare and file a *Martinez* report and dispositive motions to assist the Court in evaluating Plaintiff's claims against them.

## *Background*

Plaintiff is proceeding *pro se* and *in forma pauperis*, and was incarcerated when he initiated this case on June 28, 2013, by filing a civil rights complaint (*Doc. 1*).   Plaintiff brought his claims based on allegations that he made inquiries about replacing a broken shoe, which were ignored, and the broken shoe caused him to fall, resulting in injuries to Plaintiff.   *Id.* at 3 and 5-6. On December 11, 2013, after consideration of Plaintiff's claims under 28 U.S.C. § 1915(e)(2) and Rule 12(b)(6), the presiding judge in this case entered a Memorandum Opinion and Order regarding Plaintiff's original and amended complaints.   *See* [*Doc. 23*] (considering *Docs. 1, 9, 12, 14,* and *21*, collectively as the "complaint").   After finding that Plaintiff had voluntarily dismissed four of his thirteen claims, the presiding judge considered Plaintiff's remaining nine claims listed in Document 21.   [*Doc. 23* at 2].   The presiding judge dismissed Plaintiff's claims against Defendants Chaves County Detention Center, the facility's "SORT Team," and Administrator Corn, and dismissed his claim for inadequate grievance procedures.   *Id.* at 3-4. The presiding judge further directed the Clerk to add Defendant Elmor as a defendant and to serve process on Defendants Miranda, Garcia, Rodriguez and Elmor.   *Id.* at 5.

In light of these rulings, it appears that Plaintiff's remaining claims are: (1) against Defendants Garcia and Miranda for ignoring Plaintiff's inquiries about replacing the broken shoe (*id.* at 2, *Doc. 21* at 2, and *Doc. 1* at 7); (2) against Defendant Miranda for using excessive force when Plaintiff was injured and causing Plaintiff extreme pain (*Doc. 23* at 2, *Doc. 21* at 2, and *Doc. 1* at 7); (3) against Defendant Rodriguez for failing to give Plaintiff prescribed medications for his pain (*Doc. 23* at 2, *Doc. 21* at 2, and *Doc. 1* at 7-8); (4) against Defendant Elmor for "inciting inmates" (*Doc. 23* at 2-3, *Doc. 21* at 2 and *Doc. 9* at 5); and (5) against Defendant Elmor for use of excessive force regarding an incident on July 24, 2013 (*Doc. 23* at 3, *Doc 21* at 2 and *Doc. 12*).   Defendants Garcia, Miranda and Elmor move to dismiss Plaintiff's claims against them on the basis of insufficient service of process under Fed. R. Civ. P. 12(b)(5) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).   *See* [*Docs. 37* and *40*].   Defendant Rodriguez moves to dismiss for failure to exhaust administrative remedies and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).   *See* [*Docs. 33*].

### *Sufficiency of Service of Process*

Defendants Garcia and Miranda move to dismiss Plaintiff's claims against them based on improper service of process, contending that Plaintiff's complaint [*Doc. 1*] was not served on them within the 120 days required by Fed. R. Civ. P. 4(m).   *See* [*Doc. 37* at 3-8].   Similarly, Defendant Elmor moves to dismiss Plaintiff's claims against him because he contends that the presiding judge's memorandum opinion and order [*Doc. 23*], which added him as a defendant, was not served upon him within the 120-day time period under Rule 4(m).   [*Doc. 40* at 3-5].

Rule 4(m) states that: "[i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action

without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."   Here, the Court's docket shows that the Clerk of the Court served Defendants by mail on December 12, 2013, pursuant to the Court's memorandum opinion and order (*Doc. 23*), which was entered on December 11, 2013.   Defendant Elmor fails to state why he contends that he was not timely served even though the Court's docket indicates that he was served one day after the order adding him as a defendant was entered.   With regard to Defendants Garcia and Miranda, while they were served more than 120 days after Plaintiff filed his original complaint, the reason for the delay was for the Court to conduct its initial review under 28 U.S.C. § 1915, as it is required to do pursuant to that statute for all *in forma pauperis* cases.   *See* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue[,] or (B) the action or appeal (i) is frivolous or malicious[,] (ii) fails to state a claim on which relief may be granted[,] or (iii) seeks monetary relief against a defendant who is immune from such relief.").   The Court finds that good cause exists to extend the time for service while the Court was reviewing Plaintiff's *in forma pauperis* petition.   *See* Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments (stating that "[t]he district court should . . . take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petition") (citation omitted).   The Court, therefore, recommends denying Defendants' Garcia, Miranda and Elmor's motions to dismiss for insufficient service of process under Fed. R. Civ. P. 12(b)(5).

### *Exhaustion of Administrative Remedies*

Defendant Rodriguez moves to dismiss Plaintiff's claims against him because Defendant Rodriguez contends that Plaintiff has failed to meet his burden of affirmatively showing exhaustion of administrative remedies.   [*Doc. 33* at 12-13] (relying on *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209-10 (10th Cir. 2003)).   This is a misstatement of the law. An alleged failure to exhaust administrative remedies is an affirmative defense, and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007) (cited in *Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007)). "[T]he burden of proof for the exhaustion of administrative remedies in a suit governed by the [Prison Litigation Reform Act] lies with the defendant." *Roberts*, 484 F.3d at 1241.   Thus, Defendant must necessarily prove that: (1) administrative remedies were available to Plaintiff, and (2) Plaintiff failed to exhaust these remedies.   *See Purkey v. CCA Detention Center*, No. 06-3389, 263 Fed. Appx. 723, 726, 2008 WL 313627 (10th Cir. Feb. 5, 2008) (unpublished). Defendant Rodriguez fails to allege or show which administrative remedies were available to Plaintiff, and/or that Plaintiff failed to exhaust his administrative remedies before filing his lawsuit.   Accordingly, the Court recommends denying without prejudice Defendant Rodriguez' motion to dismiss for failure to exhaust administrative remedies.[3]

---

[3] The Court notes that the proposition that Plaintiff bears the burden of showing exhaustion was abrogated more than seven years ago by the Supreme Court of the United States in *Jones*.   *See Jones*, 549 U.S. at 216 (concluding "that failure to exhaust is an affirmative defense under the PLRA").   Defendant Rodriguez' failure to note that *Steele* was abrogated by *Jones* and *Roberts* was a misleading statement, and the Court cautions counsel for Defendant Rodriguez that "[a] lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of . . . law previously made to the tribunal . . . [or] fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel."   NMRA 16-303(A).   The New Mexico Rules of Professional Conduct also apply in the United States District Court for the District of New Mexico.   *See* D.N.M. LR-Civ. 83.9.   A simple check of the citing references for the *Steele* case would have revealed that it was overruled by the United States Supreme Court in *Jones* and *Roberts*.

### *Order for a* **Martinez** *Report*

Typically, a court must determine whether a prisoner has exhausted his remedies pursuant to the Prison Litigation Reform Act before it may proceed to the merits of a plaintiff's § 1983 claims.   *See Alloway v. Booher*, No. 04-7060, Fed. Appx. 705, 706, 2005 WL 852714 (10th Cir. April 14, 2005) (unpublished).   However, "[u]nder certain circumstances, a district court may, notwithstanding failure to exhaust, proceed to the merits of the claim and dismiss with prejudice if it concludes a party would be unsuccessful even absent the exhaustion issue." *Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1139  (10th Cir. 2005) (footnote omitted); *see also* 42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies").

Having reviewed Defendants' motions to dismiss and Plaintiff's allegations regarding his remaining claims, it is unclear to the Court whether Plaintiff has exhausted his administrative remedies with regard to those claims.   Plaintiff states that he has filed grievances (*see Doc. 1* at 10), but none of them are attached to any of his filings, and, as set forth above, Defendants have failed to meet their burden of showing that Plaintiff has not exhausted his administrative remedies.   In addition, the Court is unable to determine at this juncture whether Plaintiff's remaining claims are, on their face, frivolous or fail to state a claim upon which relief can be granted.

Under *Martinez v. Aaron*, 570 F.2d 317, 319-320 (10th Cir. 1978), the Court may order Defendants to investigate the incident or incidents underlying Plaintiff's lawsuit and submit a

report of their investigation in order to develop a factual or a legal basis for determining whether Plaintiff has a meritorious claim.  *See, e.g., Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987) ("[T]he district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal discipline rules and reports.").  A *Martinez* report may be used in a variety of contexts, including a motion for summary judgment or *sua sponte* entry of summary judgment.   When a *Martinez* report is used for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set forth in the report.   *Hall v. Bellmon*, 935 F.2d 1106, 1109  (10th Cir. 1991).   For these reasons, and because Plaintiff is proceeding *pro se* and is a prisoner, the Court recommends denying Defendants' motions to dismiss without prejudice and ordering Defendants to prepare and file a *Martinez* report and dispositive motions based upon that report to assist the Court in evaluating Plaintiff's claims against them, including whether Plaintiff has exhausted his administrative remedies.

## RECOMMENDED DISPOSITION

For the foregoing reasons, the Court recommends that: (1) the motions to dismiss filed by Defendant Rodriguez [*Doc. 33*], Defendants Garcia and Miranda [*Doc. 37*], and Defendant Elmor [*Doc. 40*] be **DENIED without prejudice**; and (2) Defendants be ordered to prepare and file a *Martinez* report and dispositive motions based upon that report to assist the Court in evaluating Plaintiff's claims against them, including whether Plaintiff has exhausted his administrative remedies.

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

7