IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AHMAD JONES,

    Plaintiff,

  v.                                       No. CV 13-0600 KG/LAM

SGT. MIRANDA, et al.,

    Defendants.

## ORDER ADOPTING IN PART PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND ORDERING PLAINTIFF TO FILE NOTICE WITH THE COURT

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' *Proposed Findings and Recommended Disposition (Doc. 46)*, filed on June 19, 2014. On July 2, 2014, Defendants Elmore, Garcia and Miranda filed objections to the PF&RD [*Doc. 47*], and, on July 3, 2014, Defendant Rodriguez filed objections to the PF&RD [*Doc. 48*]. No responses to the objections have been filed, and the time for doing so has passed. The Court has conducted a *de novo* review of those portions of the PF&RD to which Defendants object. Based upon that review, the Court will: (1) adopt in part the *Proposed Findings and Recommended Disposition (Doc. 46)*; (2) dismiss without prejudice Defendants' motions to dismiss [*Docs. 33, 37,* and *40*]; and (3) order Plaintiff to file a notice with the Court regarding whether he wishes to proceed with this lawsuit.

As explained in the PF&RD, Plaintiff claims that he made inquiries about replacing a broken shoe, that these inquiries were ignored, and that the broken shoe caused him to fall, resulting in injuries to Plaintiff. [*Doc. 1* at 3 and 5-6]. Defendants Garcia, Miranda and Elmor

moved to dismiss Plaintiff's claims against them on the basis of insufficient service of process under Fed. R. Civ. P. 12(b)(5) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See* [*Docs. 37* and *40*]. Defendant Rodriguez moved to dismiss for failure to exhaust administrative remedies and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See* [*Doc. 33*]. In the PF&RD, the Magistrate Judge recommends denying the motions to dismiss filed by Defendants Garcia, Miranda and Elmore for insufficient service of process under Fed. R. Civ. P. 12(b)(5), and denying without prejudice Defendant Rodriguez' motion to dismiss for failure to exhaust administrative remedies. [*Doc. 46* at 4-5]. The Magistrate Judge further recommends denying without prejudice Defendants' motions to dismiss for failure to state a claim, and ordering Defendants to prepare and file a *Martinez* report and dispositive motions based upon that report to assist the Court in evaluating Plaintiff's claims against them, including whether Plaintiff has exhausted his administrative remedies. *Id.* at 7.

### *Service of Process*

Defendants Elmor, Garcia and Miranda first object to the Magistrate Judge's findings that they have been properly served with process in this case, contending that they did not return executed waiver of service forms and have not waived their right to formal service of process. [*Doc. 47* at 2] (Objections I, II, and III). This argument raises the issue of sufficiency of the method of service under Rule 4(e). These Defendants, however, contended in their motions to dismiss that they were not properly served under Rule 4(m) because they were not served within the 120-day time period. *Compare* [*Doc. 37* at 1-8] (citing Rule 4(m) at pg. 3) and [*Doc. 40* at 5] (citing Rule 4(m) at pg. 3) *with* [*Doc. 47* at 2] (claiming that Defendants never returned waiver of service forms pursuant to Rule 4(d), with regard to the alternate service requirements under

Rule 4(e)). Since Defendants did not raise in their motions to dismiss the issue of whether they have been properly served with process under Rule 4(e), this issue is deemed waived. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.") (citation omitted). Moreover, omitting a defense under Rule 12(b)(5) results in waiver of that defense under Rule 12(g)(2) and (h)(1)(A). *See* Fed. R. Civ. P. 12(g)(2) and 12(h)(1)(A) (explaining that a party waives a defense for insufficient service of process by omitting it from a Rule 12 motion when that defense was available to the party at the time it filed its motion). In *Crispin-Taveras v. Municipality of Carolina*, 647 F.3d 1, 7 (1st Cir. 2011), when the defendants in that case first challenged the timing of the service of process, and then later challenged the method of service, the First Circuit explained that the defendants had waived their objection to the method of service under Rule 12(g)(2) and Rule 12(h)(1)(A) because the defendants could have objected to the method of service in their earlier motion. The First Circuit stated: "The problem for the individual defendants is that, when they filed these initial motions [regarding untimely service under Rule 4(m)], they admitted that they were served and challenged only the timing of the service." *Id.* at 6. Similarly, here, Defendants Elmor, Garcia, and Miranda, failed to object to the method of service in their motions to dismiss, which effectively waived this objection under Rule 12(g)(2) and (h)(1)(A). The Court, therefore, finds that this objection is without merit.[1]

---

[1] The Court notes that, if Defendants had not waived their contention that they had not waived formal service of process, pursuant to Rule 4(d)(2), the Court must impose costs of service on a Defendant who, without good cause, does not comply with a request to waive service. To the extent Defendants are contending that they did not receive the waiver of service forms, the Court notes that, in a "Court Only" entry on the Court's docket dated December 11, 2013, the Clerk of the Court states that notice and waiver of service forms were mailed to Defendants pursuant to Document 23. Moreover, Defendants fail to explain how they had notice of Plaintiff's complaint if they had not received the notice and waiver of service forms from the Court.

Defendants Elmor, Garcia and Rodriguez also object to the Magistrate Judge's finding that good cause exists to extend the time for service of Plaintiff's complaint while the court was reviewing Plaintiff's *in forma pauperis* petition. *See* [*Doc. 47* at 3-4] (Objection VI). These Defendants contend that the Court's review of the petition "appears to have been completed by July 8, 2013," and they contend that the Court's issuance of notice and waiver of service forms on December 11, 2013, was more than 120 days after this review. *Id.* at 4. Defendants are wrong. The order entered July 8, 2013, was based on the Court's initial review of Plaintiff's motion to proceed *in forma pauperis* regarding Plaintiff's financial status, and ordered Plaintiff to make payments as long as he was incarcerated pursuant to § 1915(b). *See* [*Doc. 5*]. The Court then conducted a review under § 1915(e) to determine whether Plaintiff's case was frivolous or failed to state a claim, and this review was completed on December 11, 2013, and resulted in the dismissal of some of Plaintiff's claims and in the issuance of notice and waiver of service forms for Defendants Miranda, Garcia, Rodriguez, and Elmor. *See* [*Doc. 23*]. The Court agrees with the Magistrate Judge's finding that good cause exists to extend the time for service while the Court was reviewing Plaintiff's claims under § 1915(e), and cautions counsel for Defendants to become familiar with the Court's procedures regarding prisoner and *pro se* litigants before bringing dispositive motions based on procedural issues that are routinely handled by the Court. *See* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue[,] or (B) the action or appeal (i) is frivolous or malicious[,] (ii) fails to state a claim on which relief may be granted[,] or (iii) seeks monetary relief against a defendant who is immune from such relief."). Counsel for Defendants should also become familiar with the

4

Court's obligation to hold *pro se* filings to less stringent standards than those drafted by lawyers. *See Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also* Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments (stating that "[t]he district court should . . . take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petition") (citation omitted). The Court, therefore, finds that this objection is without merit.

### *Plaintiff's* In Forma Pauperis *Status and Status as a Prisoner*

Next, Defendants object to the Magistrate Judge's findings that Plaintiff is proceeding *in forma pauperis* and that he is a prisoner, because Defendants contend that Plaintiff has been released from prison. *See* [*Doc. 47* at 2-3] (Objections IV and V) and [*Doc. 48* at 3] (Objection III). The Court finds that the objection regarding Plaintiff's *in forma pauperis* status is without merit because Plaintiff's status under 28 U.S.C. § 1915 does not change just because he has been released from prison. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (explaining that § 1915(a) "applies to all persons applying for IFP status, and not just to prisoners") (citation omitted). The Court again cautions counsel for Defendants to become familiar with the Court's procedures regarding *pro se* and prisoner litigants, including the seminal cases regarding such procedures.

With regard to Defendants' objection regarding Plaintiff's status as a prisoner, Defendants fail to state why they bring this objection or what relief they seek by asking for the Court's acknowledgment that Plaintiff has been released from prison. Nevertheless, the Court notes that Plaintiff's claims for declaratory or injunctive relief would be moot if he has been released from prison. However, his claims for damages would not be moot even if he has been released. *See*

*Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (explaining that the plaintiff's § 1983 claims for declaratory or injunctive relief were moot in light of his release from incarceration, but that his claims for damages were not moot since "those claims remain viable because a judgment for damages in his favor would alter the defendants' behavior by forcing them to pay an amount of money they otherwise would not have paid") (citation and internal quotation marks omitted). It appears that Plaintiff's notice of change of address indicates that he is no longer incarcerated. *See Doc. 24*. Therefore, the Court will order Plaintiff to file **within fifteen (15) days of entry of this Order** a notice with the Court stating with specificity which of his remaining claims, set forth in the PF&RD (*Doc. 46* at 3), he intends to pursue. The Court cautions Plaintiff that, if he is no longer incarcerated, he may only purse claims for damages and not for declaratory or injunctive relief.

### *Motions to Dismiss and* **Martinez** *Report*

Defendants next object to the Magistrate Judge's findings that Defendants' motions to dismiss should be dismissed without prejudice because the Court cannot determine at this time whether Plaintiff's remaining claims are, on their face, frivolous or fail to state a claim, and further object to the Magistrate Judge's recommendation to order a *Martinez* report and dispositive motions to assist the Court in evaluating Plaintiff's claims, including whether he has exhausted his administrative remedies. *See* [*Doc. 47* at 4-5] (Objections VII and VIII) and [*Doc. 48* at 2-4] (Objections II, IV, and V). Defendant Rodriguez also objects to the Magistrate Judge's recitation of Plaintiff's remaining claims, contending that Plaintiff's claims against Defendant Rodriguez are unclear. [*Doc. 48* at 1-2] (Objection I). The Court agrees with the Magistrate Judge that it is premature to dismiss Plaintiff's claims at this time on the basis that they are frivolous or fail to

6

state a claim.  The District Judge already found that Plaintiff satisfactorily stated his remaining claims when it conducted its § 1915(e) review of Plaintiff's claims and ordered service on the remaining Defendants.  *See* [*Doc. 23*].  In that order, the District Judge also set forth Plaintiff's remaining claims, which is what the Magistrate Judge relied on for her recitation of Plaintiff's remaining claims in the PF&RD.  *See id.* at 2-3 and [*Doc. 46* at 3].  The Court, therefore, finds that Defendants' objections to the Magistrate Judge's recommendation to dismiss their motions to dismiss without prejudice, and regarding her recitation of Plaintiff's remaining claims, are without merit.

The Court agrees with the Magistrate Judge that a *Martinez* report and supplemental briefing is required to determine Plaintiff's remaining claims, including whether he has exhausted his administrative remedies.  However, the Court notes that Plaintiff has made no filings in this case since he filed his notice of change of address on December 16, 2013.  *See* [*Doc. 24*].  Importantly, Plaintiff failed to respond to Defendants' motions to dismiss, or to either of the sets of objections filed by Defendants.  The Court, therefore, agrees with Defendants' contention that it is unclear whether Plaintiff wishes to pursue his claims.  The Court also notes that preparation of a *Martinez* report and dispositive motions would be costly to Defendants.  The Court, therefore, will order Plaintiff to file a notice with the Court **within fifteen (15) days of entry of this Order** stating whether he wishes to pursue his claims against Defendants.  The Court cautions Plaintiff that this does not open the door to Plaintiff being able to amend his existing claims or add new claims.  In addition, the Court cautions Plaintiff that failure to comply with this order to notify the Court may result in a finding that Plaintiff's case should be dismissed without prejudice for failure to prosecute.  *See U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005)

("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.") (citation omitted); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (finding that Rule 41(b) permits courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute and/or comply with a court order); *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (citation omitted); and *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). If Plaintiff files this notification, the Court will then enter an order for a *Martinez* report and supplemental briefing, as set forth in the PF&RD.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that the *Proposed Findings and Recommended Disposition (Doc. 46)* are **ADOPTED in part**.

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss [*Docs. 33, 37,* and *40*] are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a notice with the Court **within fifteen (15) days** of the entry of this Order stating: (1) whether he wishes to proceed with this lawsuit; and (2) if he does wish to proceed with this lawsuit, which of his remaining claims set forth in the PF&RD [*Doc. 46*] at pg. 3, he intends to pursue. As explained above, Plaintiff's failure to file this notice may result in the dismissal of his claims without prejudice and without further notice.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**