IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AHMAD JONES,

    Plaintiff,

v.                                                                 No. CV 13-0600 KG/LAM

SGT. MIRANDA, et al.,

    Defendants.

## ORDER DISMISSING CASE WITHOUT PREJUDICE

**THIS MATTER** is before the Court *sua sponte*. On August 18, 2014, the Court ordered Plaintiff to notify the Court within fifteen (15) days stating whether he wishes to pursue his claims against Defendants. [*Doc. 49*]. No notification has been filed, and the time for doing so has passed. The Court notes that Plaintiff has made no filings in this case since he filed his notice of change of address on December 16, 2013 (*see Doc. 24*), and that Plaintiff has failed to respond to Defendants' motions to dismiss and the Court's order entered on August 18, 2014. In the August 18, 2014, order, the Court cautioned Plaintiff that failure to comply with the order to notify the Court may result in a finding that Plaintiff's case should be dismissed without prejudice for failure to prosecute. *See* [*Doc. 49* at 7-8] (citing *U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.") (citation omitted); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (finding that Rule 41(b) permits courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute and/or comply with a court order); *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to

sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (citation omitted); and *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")).  Based on the foregoing, the Court concludes that this case should be **DISMISSED without prejudice** for failure to prosecute.

    **IT IS THEREFORE ORDERED**, for the reasons stated above, that Case No. Civ. 13-600 is hereby **DISMISSED without prejudice**.

    **IT IS SO ORDERED.**

_____
THE HONORABLE KENNETH J. GONZALES
**UNITED STATES DISTRICT JUDGE**